# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| HBAC MATCHMAKER MEDIA, INC. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 13-433-SLR |
| DISNEY ONLINE; ESPN, INC.; and ) | |
| AMERICAN BROADCASTING COMPANIES, INC. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records, Verizon Wireless, c/o Verizon Legal Compliance, Custodian of Record, TXD01613, P.O. Box 1001, San Angelo, TX 76902

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A.

| Place: GUY J. RENZI & ASSOCIATES<br>2277 State Hwy 33, Suite 410<br>Hamilton, NJ 08690 | Date and Time:<br>04/07/2014 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/17/2014

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff HBAC Matchmaker Media, Inc._____, who issues or requests this subpoena, are:
Jean Rhee, Russ August & Kabat, 12424 Wilshire Blvd, 12th Fl., Los Angeles, CA 90025, jrhee@raklaw.com, 310-826-7474

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-433-SLR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Plaintiff HBAC Matchmaker Media, Inc. ("HBAC") hereby requests that Verizon Wireless ("VZW") produce the documents and things requested below in accordance with the following definitions and instructions:

## DEFINITIONS AND INSTRUCTIONS

1. The terms "YOU" and "YOUR" refer to VZW, including its divisions, predecessors, successors, current and former parents, subsidiaries, affiliates, other organizational or operating units, joint ventures, assigns, and other affiliated or related entities, and also including their present and former partners, principals, directors, officers, employees, attorneys, accountants, representatives, consultants, agents, and all other persons acting or purporting to act on their behalf and/or under their control. For the avoidance of doubt, VZW includes V CAST, V Cast, and VCast.

2. The term "DISNEY" refers to Disney Online, including its divisions, predecessors, successors, current and former parents, subsidiaries, affiliates, other organizational or operating units, joint ventures, assigns, and other affiliated or related entities, and also including their present and former partners, principals, directors, officers, employees, attorneys, accountants, representatives, consultants, agents, and all other persons acting or purporting to act on their behalf and/or under their control.

3. The term "ESPN" refers to ESPN, Inc., including its divisions, predecessors, successors, current and former parents, subsidiaries, affiliates, other organizational or operating units, joint ventures, assigns, and other affiliated or related entities, and also including their present and former partners, principals, directors,

officers, employees, attorneys, accountants, representatives, consultants, agents, and all other persons acting or purporting to act on their behalf and/or under their control.

4. The term "ABC" refers to American Broadcasting Companies, Inc., including its divisions, predecessors, successors, current and former parents, subsidiaries, affiliates, other organizational or operating units, joint ventures, assigns, and other affiliated or related entities, and also including their present and former partners, principals, directors, officers, employees, attorneys, accountants, representatives, consultants, agents, and all other persons acting or purporting to act on their behalf and/or under their control.

5. The term "DEFENDANTS" refers to DISNEY, ESPN, and ABC, collectively.

6. The term "SAMPLE WEBSITES" refers to (1) ABC.go.com; (2) ABCNews.go.com; (3) Disney.com; and (4) ESPN.go.com.

7. The term "ACTION" refers to the lawsuit styled *HBAC Matchmaker Media, Inc. v. Disney Online et al.*, USDC D. Del. Case No. 13-433-SLR.

8. The terms "TARGETING," "TARGET," and "TARGETED" refer to controlling which advertisement, if any, is delivered to a website visitor based on information about that visitor, including, but not limited to, name, address, gender, age, demographic information, email address, IP address, MAC address, user/visitor ID, phone number, credit card and billing information, device used, browser used, browser add-ins, subscriber ID, browser history, download history, history of prior delivery of advertisements (including, but not limited to, the number of times the visitor has been shown a particular advertisement for purposes of frequency capping), visitor-generated

content, and/or information about a visitor's interests in, purchase, and/or use of products, programs, and services.

9. The terms "RELATE," "RELATES TO," "RELATED TO," and "RELATING TO" are to be given their broadest possible meaning, and include the terms constitute, comprise, mention, describe, contain, enumerate, involve, concern, pertain to, refer to, represent, evidence, corroborate, support, discuss, record, explain, portray, and depict.

10. The terms "COMMUNICATION" and "COMMUNICATIONS" refer to, and include, without limitation, oral communications, including, without limitation, face-to-face conversations, conferences and telephone conversations; written and computerized communications and correspondence, including, without limitation, emails; and the delivery or furnishing of documents.

11. The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest sense possible, and refer to, and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters, schemas, wikis, source code, emails, facsimiles, transmittals, bulletins, presentations, brochures, instructions, logs, policies, binders, books, files, printed matter, notebooks, agendas, memoranda, intra- or inter-office communications of any type or nature, reports, records, diaries, calendars, calendar entries, studies, projects, surveys, analyses, financial statements of every type, budgets, projects, quotations, calculations, timesheets, bills, invoices, statements, purchase orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreement, proposals, working papers, charts, requests for authorization,

3

requests for quotation, schedules, drawings, designs, diagrams, plans, schematics, manuals, accountants' statements or summaries, graphs, charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings or conversations or interviews either in writing or made upon any mechanical, electronic or electrical recording device, data compilations from which information can be obtained or can be translated through detection devices into a reasonably usable form, computer inputs or outputs, or any other written, graphic or recorded representations or communications whatsoever, whether in lithograph, or in any other tangible form or intangible form which can be reduced to tangible form, and any other form of communication or representation including records, pictures, film, videotape, sounds, symbols or communications thereof. "DOCUMENT" or "DOCUMENTS" shall also refer to, and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made, or to which such notations have been appended.

12. In order to bring within the scope of these document requests any information or document which might otherwise be considered to be beyond their scope:

    a. The terms "and," "or" and "and/or" shall be construed either disjunctively or conjunctively;

    b. The term "including" shall be construed to mean "including, without limitation";

    c. The singular form of a word shall be construed to include the plural, and vice versa;

    d.    The term "any" shall be construed to include the word "all," and vice versa;

    e.    The past tense of a word shall be construed to include the present tense, and vice versa.

13.    In accordance with the provisions of Rule 34(b) of the Federal Rules of Civil Procedure, documents responsive to these requests shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories set forth in these requests.

14.    Whenever an objection is asserted to a particular request or portion thereof, please produce all responsive documents or parts thereof that are not subject to the objection.

15.    Wherever a document (or a portion thereof) that is responsive to any of these requests is not produced, please describe with as much particularity as possible, the document or portion thereof that is not being produced, and state with particularity the reason or reasons for not producing it.

16.    In accordance with Federal Rule of Civil Procedure 45(e)(2), for any document that you withhold on a claim of privilege or other protection, please provide a statement, signed by one of your attorneys, setting forth as to each such document:

    a.    The name(s) of the sender(s) of the document;

    b.    The name(s) of the author(s) of the document;

    c.    The name(s) of the person(s) to whom the original or copies were sent;

    d.    The date of the document;

  e. The date on which the document was received by those having possession of the document;

  f. The statute, rule or decision that is claimed to give rise to the privilege or other protection;

  g. A summary of the contents of the document without disclosing the matter that you claim is privileged.

17. If a document responsive to any of these requests was at one time in existence, but was lost, discarded, or destroyed, please identify such document as completely as possible, providing as much of the following information as possible:

  a. The type of document;

  b. Its date;

  c. The date it was lost, discarded, or destroyed;

  d. The reason or reasons for its loss or destruction;

  e. The circumstances and manner in which it was lost, discarded, or destroyed;

  f. The identity of any and all persons who either authorized the disposal or destruction of the document, or have knowledge of the circumstances surrounding the disposal or destruction of the document;

  g. The identity of any and all persons who lost, discarded, or destroyed the document; and

  h. The identity of any and all persons having knowledge of the contents of the document.

18. Unless otherwise stated with respect to a particular request as set forth below, the relevant time period covered by these requests is March 15, 2007 through the present.

## DOCUMENTS REQUESTED

1. A copy of any DOCUMENT memorializing an agreement, contract, or business relationship between YOU and any company or entity that RELATES TO the SAMPLE WEBSITES, including, but not limited to, term sheets, MOUs, statements of work, consulting agreements, and "Master Agreements."

2. All DOCUMENTS RELATING TO YOUR obligations, if any, to indemnify DEFENDANTS in this ACTION.

3. All COMMUNICATIONS between YOU and DEFENDANTS RELATING TO this ACTION.

4. All DOCUMENTS RELATING TO the TARGETING of video advertisements on the SAMPLE WEBSITES, including, but not limited to, DOCUMENTS RELATING TO video advertisement tags involving TARGETING criteria, such as custom key-value pairs.

5. Configuration and integration DOCUMENTS RELATING TO any video player that YOU provided for use in connection with the SAMPLE WEBSITES.

6. Configuration and integration DOCUMENTS RELATING TO any ad server used to provide services RELATING to the SAMPLE WEBSITES, including, but not limited to, DOCUMENTS RELATING TO plug-ins created for communications between any video player that YOU provided for use in connection with the SAMPLE WEBSITES and any ad servers used to provide services to the SAMPLE WEBSITES.

7

7. Configuration and integration DOCUMENTS RELATING TO any impression tracking or reporting services RELATING to the SAMPLE WEBSITES, including, but not limited to, DOCUMENTS RELATING TO plug-ins created for communications between any video player that YOU provided for use in connection with the SAMPLE WEBSITES and any third-party servers used to provide tracking or reporting services to the SAMPLE WEBSITES.

8. Configuration and integration DOCUMENTS RELATING TO any data collection, management, and analytics services RELATING to the SAMPLE WEBSITES, including, but not limited to, DOCUMENTS RELATING TO plug-ins created for communications between any video player that YOU provided for use in connection with the SAMPLE WEBSITES and any third-party servers used to provide data collection, management, and analytics services to the SAMPLE WEBSITES.

9. All source code RELATING TO any video player that YOU provided for use in connection with the SAMPLE WEBSITES in its original form – *i.e.*, in a form that is not minified, obfuscated, or compiled.

10. All source code in YOUR possession RELATING TO any ad server used to provide services RELATING to the SAMPLE WEBSITES in its original form – *i.e.*, in a form that is not minified, obfuscated, or compiled.

11. Any DOCUMENTS that YOU received from DEFENDANTS or third parties that RELATE TO the TARGETING of video advertisements on the SAMPLE WEBSITES.

12. Any DOCUMENTS that YOU provided to DEFENDANTS that RELATE TO the TARGETING of video advertisements on the SAMPLE WEBSITES.

13. Any DOCUMENTS that YOU provided to advertisers whose ads have been or will be served on the SAMPLE WEBSITES.

14. All DOCUMENTS RELATING TO the logic used to select the video advertisements delivered to visitors to the SAMPLE WEBSITES.

15. All DOCUMENTS RELATING TO video content on the SAMPLE WEBSITES, including, but not limited to header and source files, metadata, and database schema.

16. All DOCUMENTS RELATING TO the delivery of video advertisements to visitors to the SAMPLE WEBSITES, including, but not limited to, header and source files and metadata.

17. All DOCUMENTS RELATING TO the generation of packages of data wrapping content RELATING TO TARGETED video advertisements delivered to visitors to the SAMPLE WEBSITES, including, but not limited to, header and source files and metadata.

18. All DOCUMENTS RELATING TO the positioning of advertisements within video content served on the SAMPLE WEBSITES, including, but not limited to, header and source files and metadata.

19. All DOCUMENTS RELATING TO the generation and processing of video ad impression URLs for the SAMPLE WEBSITES, including, but not limited to, header and source files and metadata.

20. All DOCUMENTS RELATING TO the generation and processing of video ad action URLs for the SAMPLE WEBSITES, including, but not limited to, header and source files and metadata.

21. All DOCUMENTS RELATING TO efforts made to encrypt, obfuscate, or secure metadata relating to video advertisements served to visitors to the SAMPLE WEBSITES, including, but not limited to, header and source files and metadata.

22. DOCUMENTS sufficient to identify the location and storage of data used in connection with the determination of where and how advertisements are delivered to visitors to the SAMPLE WEBSITES.

23. All DOCUMENTS RELATING TO the classification of video advertisements that are TARGETED to visitors to the SAMPLE WEBSITES, including, but not limited to, database schema.

24. All DOCUMENTS RELATING TO the classification of video content that is served to visitors to the SAMPLE WEBSITES, including, but not limited to, database schema.

25. Data exchange protocols (*e.g.*, XML/JSON schema) pertaining to the placement and playback of video advertisements on the SAMPLE WEBSITES.

26. All DOCUMENTS RELATING TO the delivery of TARGETED video advertisements to visitors to the SAMPLE WEBSITES, including, but not limited to, internal wikis, training materials, user stories, and schemas of advertising data flow and system architecture.

27. All DOCUMENTS RELATING TO the preemption of video advertisements served to visitors to the SAMPLE WEBSITES.

28. All DOCUMENTS not produced in response to any other document request that RELATE TO the video player services that YOU provide to DEFENDANTS in connection with the SAMPLE WEBSITES.